IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER REQUIRING DISCLOSURE OF GLOBAL POSITION SYSTEM ("GPS") LOCATION DATA FOR A MOTOR VEHICLE DESCRIBED AS A 2013 GRAY CHEVY IMPALA, BEARING MA LICENCE 761LC6 AND A VEHICLE IDENTIFICATION NUMBER OF 2G1WC5E31D1109104** | )<br>)<br>)  CASE NUMBER 13-CR-6047-LTS<br>)<br>)<br>)  AFFIDAVIT<br>)<br>)<br>)<br>)  FILED UNDER SEAL<br>) |

I, Special Agent Eric Weindorf, being first duly sworn, hereby depose and state as follows:

**A.    Introduction and Agent Background.**

1.    I make this affidavit in support of an Order authorizing the acquisition of Global Positioning System ("GPS") location data associated with a motor vehicle telematics system installed in a motor vehicle described as a 2013 Gray Chevy Impala, bearing MA registration 761LC6, and vehicle identification number 2G1WC5E31D1109104, hereinafter referred to as the Subject Vehicle.  The telematics system was sold with the brand name OnStar, and the vehicle receives telematics services from OnStar.  As set forth herein, there is probable cause to believe that the vehicle is being operated by Corey Norris a/k/a "Jacory Johnson;" and "Case," who has been indicted for violations of 18 U.S.C. §1591 (a) and (b)(1)(Sex Trafficking of a Minor); 18 U.S.C. §1594 (c) (Conspiracy to Sex Traffic) and 18 U.S.C. § 2423(a) (Transportation of a Minor for Prostitution).

2.    I am a Special Agent with Department of Homeland Security and have been so employed since 2008. I am currently assigned to the Boston Field Office and am charged with

investigating violations of Federal Law, including violations of human trafficking laws.  I am a graduate of Northeastern University with a degree in criminal justice.

3.      I have learned that motor vehicle telematics systems use GPS to calculate their geographic location, and that telematics systems providers such as OnStar have the capability of disclosing in real time the geographic location data calculated by the telematics system. Accordingly, this affidavit and application seeks from this Court an Order authorizing agents of the Department of Homeland Security to obtain the requested records from OnStar pertaining to the geographic location of the Subject Vehicle, such search to begin within 10 days from the time the Order is issued and to last for a period not to exceed 30 days or the return of the vehicle to Enterprise Rent-A-Car, whichever comes sooner; and an Order under the All Writs Act, Title 28, United States Code, Section 1651, that the telematics service provider, OnStar, provide all necessary technical assistance to execute the foregoing.

**B.     Probable Cause to Believe the Requested Location Data Will Lead to the Location of a Person to be Arrested.**

1.      I am conducting an investigation of sex trafficking with other experienced Special Agents of the Department of Homeland Security and members of the Boston Police Department. Cory Norris, along with two other defendants, was indicted here in the District of Massachusetts on March 21, 2013 for violations of 18 U.S.C. §1591 (a) and (b)(1)(Sex Trafficking of a Minor); 18 U.S.C. §1594 (c) (Conspiracy to Sex Traffic) and 18 U.S.C. § 2423(a) (Transportation of a Minor for Prostitution).  The following facts known to me establish that Norris has been operating the Subject Vehicle.

2.      The information contained in this affidavit is based upon my investigation and information provided by other law enforcement officers and other persons whom I believe to be

2

reliable.  This affidavit is submitted for the limited purpose of conveying information necessary to support probable cause for this application.  It is not intended to include each and every fact and matter observed by me or known to the Government.

3.      On March 21, 2013, a Grand Jury in the District of Massachusetts returned an indictment charging  Corey Norris a/k/a "Jacory Johnson;" and "Case,"; Darian Thomson a/k/a "Bo"; and Vanessa Grandoit with violations of 18 U.S.C. §1591 (a) and (b)(1)(Sex Trafficking of a Minor); 18 U.S.C. §1594 (c) (Conspiracy to Sex Traffic) and 18 U.S.C. § 2423(a) (Transportation of a Minor for Prostitution).

4.      On March 21, 2013, members of the Boston Police Department began surveillance of Norris, Thomson, and Grandoit, in anticipation of executing the arrest warrants of all three defendants simultaneously on March 26, 2013.

5.      On March 21, 2013,  at approximately 3:30 p.m. Boston Police Officer Greg Dankers, of the Boston Police Department Fugitive Unit, observed Cory Norris and a female exit Norris's residence and enter the Subject Vehicle.  Norris entered the Subject Vehicle, took the driver's seat, and drove away.

6.      The Subject Vehicle is registered to Enterprise Rent-A-Car ("Enterprise").  Investigators determined that the car was rented in the morning of March 21, 2013, in the name of "Bunika Hardy" until March 28, 2013.

7.       On March 26, 2013, investigators attempted to execute the arrest warrants of Norris, Thomson and Grandoit.  Grandoit has been successfully arrested.  Thomson has been located in the Middlesex New Jersey house of correction.  Norris was not at his last known residence, and has not yet been arrested.

8.      On March 26, 2013, investigators were unable to locate the Subject Vehicle on the

streets surrounding Norris's residence.

9.      Your affiant has confirmed with Enterprise that the Subject Vehicle is equipped with a motor vehicle telematics system served by OnStar by speaking with an OnStar representative who confirmed that the vehicle contained this system.

10.     Based upon my training, experience, and participation in human trafficking investigations, I have observed that individuals involved in human trafficking offenses will use vehicles in the commission of their crimes.   Specifically, during this investigation, I have information that Norris has operated and/or driven in rental vehicles.  Norris would be unable to rent a vehicle in his own name, as he does not currently have a valid driver's licence.  Norris does not appear to have his own vehicle and his residence does not have a  garage.

11.     Your affiant believes that monitoring of the system contained in the Subject Vehicle will help law enforcement officers locate Norris – a person to be arrested.

12.     Based on my training and experience, as well as discussions with other experienced law enforcement officers, I have learned that:

a.      A motor vehicle telematics system is a combination of a Global Positioning System ("GPS") antenna, cellular wireless technology, and onboard electronics including at least one computer.  These systems have the capability of determining a vehicle's geographic location, transmitting that location to a telematics company's headquarters, and sometimes communicating with others by voice through a built-in cellular telephone connection.  These systems are typically installed in the motor vehicles at the factory or at a dealership.  After installation, vehicle owners or lessors typically pay a fee to a telematics service provider (often, the same company that installed the telematics system).

b.      Telematics systems, such as the one installed in the Subject Vehicle, use GPS

4

to determine a vehicle's geographic position when the vehicle is in operation.  GPS consists of 24 NAVSTAR satellites orbiting the Earth.  Each satellite contains an extremely accurate clock.  Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers.  These signals are sent by radio, using specifications that are publicly available.  A GPS antenna on Earth can receive those signals.  When a GPS antenna receives signals from at least three satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude and longitude with a high level of precision.

        c.     Telematics systems computers are connected to GPS antennas, and store this GPS location information in their memory when the vehicle is in operation.  This occurs regularly as part of the system's normal operation.  Computers do not typically store the raw signals they receive from the satellites.

        d.     Vehicle telematics systems, such as the one installed in the Subject Vehicle, also include antennas and other equipment that allow the vehicles to send voice and data communications across cellular telephone networks.  This capability allows vehicle operators to ask for help or information.

        e.     Vehicle telematics systems, such as the one installed in the Subject Vehicle, allow the telematics service provider to contact the vehicle's telematics system remotely for various purposes, including to determine the vehicle's geographic location.

        f.     Consequently, there is probable cause to believe that the motor vehicle telematics system in the Subject Vehicle will contain evidence of the physical location of the Subject Vehicle whenever the vehicle is in operation; namely, records generated by the motor vehicle telematics system computer reflecting the calculations made by that computer of the vehicle's current physical location.  There is probable cause to believe that the location of the Subject Vehicle

5

will lead to the location of Norris, a person to be arrested.

    g. If the Subject Vehicle is located in a space that has been concealed from public view, such as a garage attached to a home, the motor vehicle telematics system may contain evidence that reveals that physical location, despite any expectation of privacy held by the Subject Vehicle's driver or passengers.

**C. Jurisdiction.**

  13. There is probable cause to believe the Subject Vehicle is currently inside this judicial district because it was rented in Massachusetts, was rented by and operated by Massachusetts residents, and was seen most recently by Boston Police in Massachusetts, including on Sunday March 24, 2013.

**D. Delayed notification under 18 U.S.C. § 3103a(b).**

  14. The United States further requests, pursuant to the delayed notice provisions of Title 18, United States Code, Section 3103a(b), that the Court authorize delay of notification to the driver, owner, or passengers of the Subject Vehicle that may be required by law, for a period of 30 days following the expiration of the Order.  Providing notice in this case could seriously jeopardize the ongoing investigation, as such a disclosure would give the driver, owner, or passengers of the Subject Vehicle an opportunity to destroy evidence, notify co-conspirators, or flee.

**E. Assistance from OnStar.**

  15. To effectuate and prevent the frustration of this Order, it is necessary and appropriate for this Court to order, under the All Writs Act, Title 28, United States Code, Section 1651, that the motor vehicle telematics system provider, OnStar, or any other motor vehicle telematics system provider servicing the Subject Vehicle, furnish to the Department of Homeland Security information, facilities, and technical assistance necessary to accomplish the unobtrusive execution

of the Order. The Court should also order that OnStar, or any other motor vehicle telematics system provider furnishing such assistance, be permitted to file an application for compensation for reasonable expenses incurred in complying with that Order. The Court should also order that OnStar, or any other motor vehicle telematics system provider furnishing such assistance, be entitled to immunity from suit to the extent appropriate.

**F.      Special Circumstances.**

16.      The requirement of Federal Rule of Criminal Procedure 41(e)(2)(A)(ii) that the Order be executed "during the daytime" should be excused because it may be necessary to monitor the movements of the Subject Vehicle at night.

17.      Your affiant respectfully requests that this affidavit and any Order be maintained under seal because the premature disclosure of the monitoring of the Subject Vehicle's motor vehicle telematics system would jeopardize the integrity of the investigation and the safety of law enforcement personnel.

18.      Your affiant further respectfully requests that the Order authorize the monitoring of the Subject Vehicle's motor vehicle telematics system in the event the Subject Vehicle travels outside the territorial jurisdiction of the court.

_____
Eric Weindorf, Special Agent


Sworn to before me, and subscribed in my presence on the 26th day of March, 2013, at **12:43 PM, Mar 26, 2013**

_____
Leo T. Sorokin
United States Magistrate Judge

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| **IN THE MATTER OF THE** | ) | |
| **APPLICATION OF THE UNITED** | ) | CASE NUMBER 13-CR-6047-LTS |
| **STATES OF AMERICA FOR AN** | ) | |
| **ORDER REQUIRING DISCLOSURE OF** | ) | |
| **GLOBAL POSITION SYSTEM ("GPS")** | ) | ORDER |
| **LOCATION DATA FOR A MOTOR** | ) | |
| **VEHICLE DESCRIBED AS A 2013** | ) | |
| **GRAY CHEVY IMPALA, BEARING MA** | ) | |
| **LICENCE 761LC6 AND A VEHICLE** | ) | **FILED UNDER SEAL** |
| **IDENTIFICATION NUMBER OF** | ) | |
| **2G1WC5E31D1109104** | ) | |

_____

This matter comes before the Court on the Application of the United States of America, by and through Assistant United States Attorney Amy Harman Burkart, for the issuance of an Order to obtain assistance for determining the location of a 2013 Gray Chevy Impala, bearing MA Licence number 761LC6 and a Vehicle Identification Number of 2G1WC5E31D1109104 hereinafter referred to as the Subject Vehicle, in connection with the investigation 18 U.S.C. §1591 (a) and (b)(1)(Sex Trafficking of a Minor); 18 U.S.C. §1594 (c) (Conspiracy to Sex Traffic) and 18 U.S.C. § 2423(a) (Transportation of a Minor for Prostitution), occurring in the District of Massachusetts.

The application is made pursuant to Federal Rule of Criminal Procedure 41 and Title 28, United States Code, Section 1651, the All Writs Act.  The application establishes probable cause to believe that the vehicle is being operated by Corey Norris a/k/a "Jacory Johnson;" and "Case," who has been indicted for violations of 18 U.S.C. §1591 (a) and (b)(1)(Sex Trafficking of a Minor); 18 U.S.C. §1594 (c) (Conspiracy to Sex Traffic) and 18 U.S.C. § 2423(a) (Transportation of a Minor for Prostitution).  The application further shows the vehicle is owned by and registered to Enterprise Rent-A-Car, and that a manufacturer's OnStar Global Positioning

System (GPS) is already installed on the Subject Vehicle.  The GPS system is serviced by

OnStar, and the account for the Subject Vehicle is in the name of Enterprise Rent-A-Car.

Further, there is a need for assistance from private third parties, *i.e.*, OnStar, to assist in locating

the Subject Vehicle and a need for secrecy until the investigation is concluded, and further, that

grounds exist for the issuance of this Order.

The Court finds that OnStar, its affiliate General Motors, and OnStar's officers,

employees and agents shall be entitled to whatever immunity against suit or other action that

Federal Rule of Criminal Procedure 41 and Title 28, United States Code, Section 1651, provide

to third parties compelled to provide information pursuant to court order.

IT IS THEREFORE ORDERED, pursuant to Federal Rule of Criminal Procedure 41 and

Title 28, United States Code, Section 1651, that any time within ten (10) days of the signing of

this Order, Agents Department of Homeland Security are authorized to direct OnStar to assist

them in determining the GPS data for the Subject Vehicle for a period not to exceed thirty (30)

days from the initiation of the monitoring or the return of the vehicle to Enterprise Rent-A-Car,

whichever comes sooner, unless extended by subsequent Order of this Court.  The information

acquired shall be specifically limited to that necessary to ascertain the real-time physical location

of the Subject Vehicle.  Monitoring of the Subject Vehicle's location is authorized at any time of

the day or the night as required,  and while the Subject Vehicle is within or outside of the

District of Massachusetts.

IT IS FURTHER ORDERED that OnStar shall furnish Agents of Department of

Homeland Security any information, facilities, and technical assistance necessary to accomplish

the objectives of this Order unobtrusively.

2

IT IS FURTHER ORDERED that OnStar shall be permitted to request compensation for reasonable expenses incurred in complying with this Order.

IT IS FURTHER ORDERED that this Order and the Application be sealed until otherwise ordered by the Court, except one (1) copy provided to the Department of Homeland Security; one (1) copy provided to OnStar, and one (1) copy provided to the United States Attorney's Office, and that OnStar, its agents and employees, shall not disclose the existence of the GPS monitoring under this Order or the existence of the investigation to any person, unless or until otherwise ordered by the Court; and further, the United States Attorney shall keep the Court informed as to the continued necessity to keep matters under seal and shall inform the Court at once when the investigation has ended, or when there is no further need to keep these matters sealed.

IT IS FURTHER ORDERED that OnStar, Onstar's officers, employees and agents not activate any console or other OnStar lighting, auditory, or other system activation indicators that would notify the driver and /or occupants of the Subject Vehicle as to the OnStar GPS query that is being ordered by this Court.

IT IS FURTHER ORDERED that this Order be returned to the issuing judicial officer within 10 days after the termination of the execution of the Order.

IT IS FURTHER ORDERED that any notice required by Rule 41(f) may be delayed for up to 30 days following the expiration of this Order, in accordance with Title 18, United States Code, Section 3103a(b), by reason of the fact that immediate notification of the execution of the Order may result in flight from prosecution or may otherwise seriously jeopardize the investigation.

3

ORDERED this **12:44 PM, Mar 26, 2013** _____ 200__.

Leo T. Sorokin
United States Magistrate Judge